1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                      **EASTERN DIVISION**

11 **LUPE YARRITO,**                    )

12              **Plaintiff,**          )       **Case  No. EDCV 09-1952 AJW**
                                        )
13          **v.**                      )       **MEMORANDUM OF DECISION**
                                        )
14 **MICHAEL J. ASTRUE,**               )
   **Commissioner of the Social**       )
15 **Security Administration,**         )
                                        )
16              **Defendant.**          )
   _____)

17

18          Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the

19 Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance

20 benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each

   disputed issue.

21
                            **Administrative Proceedings**
22
            The procedural facts are summarized in the Joint Stipulation. [JS 2]. In a May 19, 2008 hearing
23
   decision that constitutes the Commissioner's final decision in this matter, an administrative law judge
24
   ("ALJ") found that plaintiff had severe impairments consisting of a torn meniscus, carpal tunnel syndrome,
25
   depression, and degenerative changes in the cervical and lumbosacral spine.  [Administrative Record
26
   ("AR") 11].  The ALJ found that plaintiff retained the residual functional capacity ("RFC") for medium
27
   work involving simple repetitive tasks, and that she "should avoid contact with the general public." [AR 12].
28

1   The ALJ concluded that plaintiff was not disabled because her RFC did not preclude her from performing
2   her past relevant work.  [AR15].

3                                              **Standard of Review**

4          The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial
5   evidence or is based on legal error. <u>Stout v. Comm'r, Social Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir.
6   2006); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002).  "Substantial evidence" means "more than
7   a mere scintilla, but less than a preponderance." <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1214 n.1 (9th Cir.
8   2005).  "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
9   <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is
10  required to review the record as a whole and to consider evidence detracting from the decision as well as
11  evidence supporting the decision.  <u>Robbins v. Social Sec. Admin</u>, 466 F.3d 880, 882 (9th Cir. 2006);
12  <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than
13  one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
14  <u>Thomas</u>, 278 F.3d at 954 (citing <u>Morgan v. Comm'r of Social Sec. Admin.</u>, 169 F.3d 595, 599 (9th
15  Cir.1999)).

16                                                **Discussion**

17          **Past relevant work**

18          Plaintiff contends that the ALJ erred in failing to make adequate findings to support his
19  determination that her RFC did not preclude performance of her past relevant work. [JS 3-8].

20          Citing a "Work History Report" completed by plaintiff, the ALJ found that plaintiff's past jobs as
21  a "repacker/picker/processor," "office assistant," and "student assistant" were past relevant work. [AR 15
22  (citing AR 110-113].  The ALJ further found that

23          [i]n comparing the claimant's [RFC] with the physical and mental demands of this work, the
24          [ALJ] finds that the claimant is able to perform it as actually performed by the claimant.  The
25          claimant's descriptions of her past relevant work indicates that it was performed at the level
26          which is within her capacity.
27  [AR 15 (citing AR110-113)].

28          Plaintiff argues that her written descriptions of her jobs as a "student assistant" and "office assistant"

2

1    show that those jobs entailed contact with the general public. [JS 4].  Plaintiff reported that in her job as a

2    student assistant, she "used to work with disabled people, helping them get around, filling out paper work

3    for them." [AR 113].  Plaintiff further contends that the record creates a "reasonable presumption" that her

4    job as an office assistant "also requires some degree of contact with the general public." [JS 4].

5         Plaintiff does not contend that evidence in the record proves that her job as "repacker-UPS-picker-

6    processor" at Black & Decker Distribution involved contact with the general public.  However, she argues

7    that the ALJ erred in making that assumption without adducing additional evidence from plaintiff, the

8    Dictionary of Occupational Titles ("DOT") or a vocational expert about the demands of her past jobs as

9    actually or generally performed.

10        A social security disability claimant bears the burden of proving that she cannot perform either the

11   "actual functional demands and job duties of a particular past relevant job" or the "functional demands and

12   job duties of the occupation as generally required by employers throughout the national economy." Pinto

13   v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (quoting SSR 82-62); see also Burch, 400 F.3d at 679; Villa

14   v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986).  The ALJ's obligation is "to make the requisite factual

15   findings to support" the determination that the claimant can perform past relevant work;  "[t]his is done by

16   looking at the residual functional capacity and the physical and mental demands of the claimant's past

17   work." Pinto, 249 F.3d at 844-845 (quoting 20 C.F.R. §§ 404.1520(e) and 416.920(e)). "[T]wo sources of

18   information . . . may be used to define a claimant's past relevant work as actually performed: a properly

19   completed vocational report," and "the claimant's own testimony." Pinto, 249 F.3d at 845; see SSR 82-61,

20   1982 WL 31387, at *2, and SSR 82-41, 1982 WL 31389, at *4. Information from the DOT, or the testimony

21   of a vocational specialist, may be used to ascertain the demands of an occupation as ordinarily required by

22   employers throughout the national economy at steps four and five of the sequential evaluation procedure.

23   See SSR 00-4p, 2000 WL 1898704, at *2.

24         The ALJ did not elicit any testimony from plaintiff any about her work experience, nor did he

25   consult the DOT or call a vocational expert to classify plaintiff's past relevant work.  Accordingly, the two

26   vocational reports that plaintiff completed as part of her benefits application are the only evidence in the

27   record describing the demands of her past relevant work. [See AR 88-90, 110-113].   The ALJ cited only

28   one of the two reports. [See AR 15 (citing AR 110-113)].

Plaintiff provided the information requested in the vocational reports. Those reports asked for a general description of plaintiff's job duties, and specifically requested information about certain job requirements. Nowhere, however, was plaintiff asked, directly or indirectly, about the degree of public contact her past jobs entailed.  In the absence of any other vocational evidence, the ALJ had to rely on drawing reasonable inferences from plaintiff's vocational reports to support his conclusion that her RFC did not preclude performance of her past relevant work.  See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (stating that the ALJ "is entitled to draw inferences 'logically flowing from the evidence'") (quoting Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982)).

In Pinto, the Ninth Circuit held that the ALJ has the "burden to make the appropriate findings to insure that the claimant really can perform his or her past relevant work," Pinto, 249 F.3d at 845, 846-847 (holding that the ALJ erred in failing to address the impact of a nonexertional limitation on the claimant's ability to perform her past relevant work as generally performed in the face of conflicting information in the DOT). The ALJ, however, did not explain how plaintiff's vocational report, or inferences drawn from that report, supported his finding that she could perform her past relevant work with a nonexertional limitation requiring her to avoid contact with the general public.

In her first vocational report, which was not mentioned by the ALJ, plaintiff said that between 1996 and 2006, she held the jobs of "assembler" at a "warehouse," "filing clerk" at a "university," "general laborer" at a "water company," "office assistant" at a "junior college," and "repack[er]" at a "warehouse." [AR 89].  That report asked her to identify and describe only the job she had held the longest, which plaintiff identified as that of office assistant working for a junior college. [AR 89]. She said she held that job from 1996 through 2001 and made $6.15 per hour. [AR 89].  In response to a question asking her to describe what she did all day in that job, plaintiff said that her job duties consisted of "filing, answering telephone, computer input, interpreting, fax and make copies." [AR 89].  Plaintiff also said that she lifted and carried packages of paper for the copies.  [AR 90].  Tasks such as answering the phone and interpreting may (but do not necessarily) involve significant public contact. Thus, plaintiff's first vocational report is ambiguous as to the degree of public contact involved in her past job as an "office assistant" at a junior college.

In her second vocational report—the one cited by the ALJ—plaintiff said that she held the jobs of "repacker-UPS-picker processor" at "Black & Decker Distribution," "office assistant" at California State

University, San Bernardino ("Cal State"), and "student assistant" at San Bernardino Valley College, a junior college. [AR 110]. Plaintiff reported that she held the "student assistant" position from August 1997 through August 2001, at the rate of $6.75 per hour, and that her job involved "work[ing] with disabled people, helping them get around, filling out paper work for them."[1] [AR 113].

The degree of contact with disabled people that plaintiff had in her past job as a student assistant at San Bernardino Valley College is inconsistent with the limitation to avoid contact with the general public. The ALJ did not explain the evidentiary basis for his finding that plaintiff could perform that past job, and he made no attempt to reconcile the apparent conflict between his RFC finding and plaintiff's job description. This omission is contrary to Pinto's teaching that "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto, 249 F.3d at 844.

In her first vocational report, plaintiff said that she also had worked as a "filing clerk" at a "university" in September 2002 and October 2002 for five hours per day at $7.00 per hour. [AR 89]. In her second vocational report, which the ALJ cited, plaintiff said that she worked as an "office assistant" at Cal State from September 2002 through December 2002 for four hours per day at $7.00 per hour. In her job as an "office assistant" at Cal State, plaintiff spent her day "fil[ing] and label[ing] folders."[AR 112]. The similarities and overall consistency between these two job descriptions indicate that plaintiff was describing the same job.

Nothing in plaintiff's description of her job as office assistant/filing clerk at Cal State establishes that it involved contact with the general public. On the other hand, plaintiff's vocational report did not ask for information of that sort, so it cannot be said that the vocational report supports that inference. An additional ambiguity arises from plaintiff's statements that she worked in that job for only four hours [AR 89] or five hours [AR 110] a day for just two months [AR 89] or three months [AR110] in 2002. The part-

---

[1]    Plaintiff did not mention working with disabled people in her first vocational report; however, her description of her past job as an "office assistant" at a "junior college" is in other respects similar to the description she gave of her job as a "student assistant" at San Bernardino Valley College. This inconsistency creates an additional ambiguity in the record that the ALJ did not acknowledge or attempt to resolve.

time hours and short duration of that job raise the question whether it even qualifies as past relevant work.[2] The ALJ found that it did, but again failed to articulate any supporting rationale.  Therefore, the ALJ's findings with respect to this past relevant job were also inadequate.

The third job identified by the ALJ was that of  "repacker/picker/processor." [AR 15, 110].  In her first vocational report, plaintiff said she held the job of "repack" in a "warehouse." [AR 89].  In the vocational report cited by the ALJ, plaintiff said that she worked for Black & Decker Distribution, and she "did repack, picked, pulled, UPS or process in the computer." [AR 111].

That job description may be accurate, but it is difficult to decipher.  Breaking it down into its components, the terms "repack," "picked,""pulled," and "process" are so generic that their application in this particular context cannot be deduced without more information. Utilizing the <u>DOT</u> for purposes of illustration only, plaintiff seems to be describing a job within the occupational division of "Packaging and Materials Handling Occupations," which falls in the category "Miscellaneous Occupations" and

> includes occupations concerned with preparing and arranging materials and products in bulk and nonbulk forms for distribution or storage; moving and loading or unloading equipment, materials, and products; operating or tending filling, packing, and wrapping machines or conveyors; driving forklifts, lumber carriers, and related material-handling machinery and equipment; and using scoops, handtrucks, and wheelbarrows to load and move materials.

<u>DOT</u>, 1991 WL 687900.  However, searching within that division for a job classification that includes forms of the words "repack," with forms of one or all of the words "pick," pull," or "process" yields two results, neither of which is a good match:  Repack-Room Worker, Beverage Industry, <u>DOT</u> job number 920.687.146, and Can Patcher, Canning and Preserving Industry, <u>DOT</u> job number 920.687.054.

This exercise illustrates the pitfalls of the ALJ's approach. His intuition, hunch, or surmise is not enough. Based on the evidence in the record, any inference drawn by the ALJ about the amount of public

---

[2]     "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. " 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Substantial gainful activity is work activity done for pay or profit that involves doing significant physical or mental activities, taking into account the nature of the work, how well it is performed, whether it is performed under special conditions, self-employment, and time spent working.  <u>See</u> 20 C.F.R. §§ 404.1572-.1573, 416.972-.973.

contact involved is speculation unsupported by evidence in the record or any reasonable inferences from that evidence.  Cf. Pinto, 249 F.3d at 846 ("[F]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable.  While 'packaging jobs' may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and knowledge.") (ellipsis and italics omitted) (quoting SSR 82-61).

Defendant argues that "[a]lthough plaintiff's RFC included a limitation to contact with the general public, it is arguable that an absolute restriction from contact with co-workers or occasional members of the public was not contemplated by Plaintiff's RFC." [JS 7].  Defendant also argues that the ALJ's formulation plaintiff's RFC should be viewed in the context of evidence that plaintiff's daily activities "included a variety of contacts with the public," such as "going to school, riding public transportation, going out to shop, and attending church on a regular basis." [JS 7].

The term "should avoid" is equivocal.  It does not unambiguously preclude all contact with the public, but it also does not specify how much contact, if any, plaintiff can tolerate. Defendant's argument cannot supply elements that are missing from the ALJ's decision. The ALJ could have clarified that limitation.  His job is to make findings that are sufficiently specific and unambiguous to support a step four determination, and he failed to do so. See Pinto, 249 F.3d at 845, 847.  Even if the ALJ's finding could be considered sufficiently unambiguous to permit plaintiff to perform jobs involving minimal contact with the general public, the record still lacks substantial evidence that plaintiff's past jobs as actually performed required no more than minimal contact with the general public.

For these reasons, the ALJ's finding that plaintiff's RFC does not preclude performance of her past relevant work is legally erroneous and is not supported by substantial evidence in the record.

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court.  See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S.  1038 (2000). The Ninth Circuit has adopted the following test to determine whether evidence should be credited

and the case remanded for an award of benefits:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d at 1292). A remand for further administrative proceedings is the appropriate remedy because it is not clear from the record that the ALJ would be required to find plaintiff disabled if he made appropriate findings at step four or proceeded to step five of the sequential evaluation. See Pinto, 249 F.3d at 848 (remanding for further administrative proceedings due to a defective step-four finding).

On remand, the ALJ is directed to conduct a new hearing, obtain additional medical and vocational evidence as needed, issue a new hearing decision that adequately address the documentary and testimonial evidence of record, and make appropriate findings.[3] See Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remain to be resolved, including "if she is disabled, the timing and duration of her disability," and whether, according to a vocational expert, there was alternative work the claimant could perform with all of the limitations supported by the record).

### Conclusion

The Commissioner's decision is reversed, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

December 21, 2010

ANDREW J. WISTRICH
United States Magistrate Judge

---

[3] This disposition makes it unnecessary to address plaintiff's additional contentions that: (1) the ALJ failed adequately to consider an examining psychiatrist's diagnosis and Global Assessment of Function score; (2) the ALJ did not properly evaluate plaintiff's medication usage and side effects; and (3) the ALJ did not provide germane reasons for discrediting lay testimony about plaintiff's symptoms and daily activities. [See JS 8-21]. None of those contentions warrants relief greater than a remand for further administrative proceedings because, even if those contentions are accepted, outstanding issues remain to be resolved before a disability determination can be reached.